UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOME FEDERAL SAVINGS BANK,

    Plaintiff,

v.

OFFICE OF THRIFT SUPERVISION, *et al.*,

    Defendants.
_____/

Case No. 09-12095

Honorable John Corbett O'Meara

**OPINION AND ORDER DISMISSING
DEFENDANTS DEPARTMENT OF TREASURY AND ITS SECRETARY;
DENYING PLAINTIFF'S JUNE 2, 2009 MOTION FOR PRELIMINARY INJUNCTION;
AND DENYING PLAINTIFF'S JULY 22, 2009 MOTION TO STRIKE**

    This matter came before the court on plaintiff Home Federal Savings Bank's June 2, 2009 motion for preliminary injunction. Defendant Office of Thrift Supervision ("OTS") filed a response June 25, 2009; and defendants U.S. Treasury and its Secretary filed a response July 15, 2009. Plaintiff filed an impermissibly long reply brief July 16, 2009. Defendant OTS filed a supplemental affidavit July 20, 2009; and Plaintiff filed a motion to strike the affidavit as a sur-reply July 22, 2009. Defendant OTS filed a response to the motion to strike July 24, 2009. Oral argument was heard July 23, 2009.

**BACKGROUND FACTS**

    Plaintiff Home Federal Savings Bank is a minority owned banking institution founded in 1947 by a group of five African Americans who wanted to establish a financial institution from which African Americans could secure loans. From that date to the present, it has been an ongoing, minority-owned financial institution operating in the City of Detroit.

Defendant OTS is the federal regulator for Home Federal, charged with the responsibility for "the examination, safe and sound operation, and regulation of savings associations." 12 U.S.C. § 1463(a)(1).

Plaintiff and OTS have a long history of disagreements, the most relevant of which began in November 2008, when OTS notified Home Federal that it was undercapitalized for purposes of the prompt corrective action provisions of the Prompt Corrective Act, 12 U.S.C. § 1831o, and that the bank was required to promptly submit a capital restoration plan acceptable to OTS. Plaintiff failed to file a capital restoration plan, and OTS contends that Plaintiff continued to fail to comply with applicable capital standards. Accordingly, on January 27, 2009, OTS sent Home Federal advance notice of its intent to serve a PCA Directive that would require Home Federal to take certain steps to restore its capital. Home Federal responded with a February 17, 2009 letter asking that OTS not issue the directive; however, on March 5, 2009, OTS issued a PCA Directive requiring the bank to comply with several operating restrictions. Among the requirements are the following: 1) the bank must be recapitalized through a sale to or a merger with another financial institution; 2) the bank should diligently seek to raise capital; 3) the bank should not pay any bonus to any senior executive officer without prior approval of OTS; and 4) the bank should not accept, renew, or rollover any deposit funds that are not fully insured by the FDIC.

Plaintiff Home Federal now seeks the issuance of a preliminary injunction to forestall OTS from exercising authority under "an improperly issued" Prompt Collective [*sic*] Action Directive ("PCAD"). Plaintiff's mot. br. at 1. Plaintiff contends that OTS is "positioning itself to take over operation of a historic minority financial institution." Id. Plaintiff further alleges that it "fears the

statutory oversight by the defendant is being used to eliminate the management and the board of directors of the financial institution." Id.

## LAW AND ANALYSIS

As a threshold matter, the United States Treasury and its Secretary are not proper parties to this suit. Although the Secretary of the Treasury has general oversight responsibility for OTS, 12 U.S.C. § 1462a grants OTS operational autonomy and expressly precludes the Secretary from intervening in any matter or proceeding before OTS unless otherwise specifically provided by law. Accordingly, the court will dismiss these defendants from this action.

The governing statute passed by Congress requires OTS to issue a PCA Directive to an undercapitalized institution that has, like plaintiff Home Federal in this case, failed to submit a capital restoration plan to the agency. 12 U.S.C. § 1831o. A companion provision deprives federal courts of subject matter jurisdiction to hear challenges to the issuance or implementation of PCA Directives. 12 U.S.C. § 1818(I).

Furthermore, the United States Court of Appeals for the Sixth Circuit has held that federal courts do not have subject matter jurisdiction to consider pre-appointment challenges to the appointment of a receiver or conservator. First Fed. Sav. Bank & Trust v. Ryan, 927 F.2d 1345, 1357 (6th Cir.), cert. denied, 502 U.S. 864 (1991). In this case, OTS has not yet appointed a receiver.

Moreover, even if the court did have subject matter jurisdiction over Plaintiff's claims, Plaintiff has failed to meet the standards necessary to obtain preliminary injunctive relief. See Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006).

Finally, the court will deny Plaintiff's motion to strike OTS's supplement affidavit, as the affidavit is not a sur-reply.

## ORDER

It is hereby **ORDERED** that defendants U.S. Treasury and its Secretary are **DISMISSED.**

It is further **ORDERED** that plaintiff Home Federal Savings Bank's June 2, 2009 motion for preliminary injunction is **DENIED.**

It is further **ORDERED** that plaintiff Home Federal Savings Bank's July 22, 2009 motion to strike sur-reply is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Dated: August 5, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 5, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager